**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**SEAN P. REILLY,**

       **Petitioner,**

**vs.**                                     **Case No. 4:09cv477-MP/WCS**

**SHERIFF LARRY CAMPBELL,**

       **Respondent.**

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner Reilly, proceeding pro se, filed an "emergency" petition for writ of habeas corpus using the forms for filing a 28 U.S.C. § 2241 petition. Doc. 1. He also filed motions to proceed in forma pauperis, to supplement the record, and to clarify, which are granted by separate order. The petition should be summarily dismissed.

Petitioner is detained at the Leon County Jail. From the allegations set forth in the petition and motions, it appears that Petitioner challenges both a sentence already imposed (as to which a direct appeal is now pending) and a potential future sentence for charges not yet tried. For relief, Petitioner seeks immediate release, dismissal of all unlawful charges, and compensation for the time spent imprisoned.

Petitioner is not entitled to monetary compensation in a habeas corpus proceeding.  Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973) ("[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Petitioner has not exhausted state court remedies as to the state court judgment which has been entered but remains pending on direct appeal.  "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.  28 U.S.C. §§ 2254(b)(1), (c)."  O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999).  To properly exhaust state remedies,[1] "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  526 U.S. at 845, 119 S.Ct. at 1732.  Petitioner has barely begun to raise his claims in state court, as the initial brief on direct appeal had not yet been filed when the § 2254 petition was prepared.  Even after the conclusion of direct review on appeal, Petitioner must pursue available state post conviction remedies as well (for claims which can be raised only by a state post conviction motion).[2]

---

[1] Claims which have been fairly presented to the state courts are referred to as *properly* exhausted, to distinguish them from claims which are considered technically exhausted because procedurally barred.  *See* O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734 (citing the dissenting opinion of Justice Stevens, *Id.*, at 854, 119 S.Ct. at 1737).  A federal claim which was procedurally defaulted in state court is subject to federal habeas corpus review only on a showing of cause and prejudice, or a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

[2] "Boerckel applies to the state collateral review process as well as the direct appeal process."  Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004); Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

Relief with respect to the charges which have not yet resulted in a conviction or sentence is premature. Untried state charges may be challenged in extraordinary circumstances under 28 U.S.C. § 2241, but only if one of the narrow exceptions to the *Younger* abstention doctrine[3] is met. *See* <u>Hughes v. Attorney General of Florida</u>, 377 F.3d 1258, 1261-64 (11th Cir. 2004), *cert. denied*, 543 U.S. 1051 (2005), discussing <u>Younger</u> (other citations omitted). Exhaustion of state remedies is required. 377 F.3d at 1262 (noting "petitioners have met the exhaustion requirements necessary to obtain relief pursuant to 28 U.S.C. § 2241.") (footnote omitted); see also § 2254(b).[4] "[H]abeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973) (citation omitted); <u>Georgalis v. Dixon</u>, 776 F.2d 261, 262 (11th Cir. 1985) (federal habeas corpus could not be used "absent special and unique

---

[3] Considerations of comity between the federal and state judicial systems require that federal courts abstain from enjoining state criminal proceedings absent a showing of bad faith prosecution, harassment, or other unusual circumstances which call for equitable relief. <u>Younger v. Harris</u>, 401 U.S. 37, 44, 53-54, 91 S.Ct. 746, 750, 754-55, 27 L.Ed.2d 669 (1971). This applies to actions for declaratory relief as well. 401 U.S. at 41, n. 2, 91 S.Ct. at 749, n. 2; <u>Samuels v. Mackell</u>, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (decided the same day as <u>Younger</u>). The injury incidental to every prosecution brought lawfully and in good faith does not entitle a state defendant to equitable relief in federal court even if the statute he is alleged to have violated is unconstitutional. 401 U.S. at 49, 91 S.Ct. at 753.

[4] A person held in pretrial detention is not in custody pursuant to a state court judgment for 28 U.S.C. § 2254 purposes, and therefore properly proceeds under § 2241. 377 F.3d at 1261-1262 (citations omitted). This Petitioner has already been convicted as to some charges, and "where a prisoner is in custody pursuant to the judgment of a state court, his petition is subject to both § 2241 and § 2254" <u>Thomas v. Crosby</u>, 371 F.3d 782, 786 (11th Cir. 2004), *cert. denied,* 543 U.S. 1063 (2005) (citation omitted). As noted *supra*, exhaustion is required before § 2254 relief may be granted.

circumstances" to adjudicate the merits of speedy trial defense to pending state charges) (citing <u>Braden</u>, other citation omitted).

Petitioner has not demonstrated special or extraordinary circumstances as to the untried charges. None of his claims (as to tried or untried charges) has been exhausted through the state courts. The petition should therefore be summarily dismissed as it plainly appears that Petitioner is not entitled to relief. § 2254 Rule 4 (which may be applied to other habeas corpus petitions, see § 2254 Rule 1(b)).

Dismissal should be without prejudice to filing a petition following exhaustion of remedies. Petitioner is advised that there is a one year limitations period for filing a § 2254 petition. The period generally runs from the date on which the judgment became final on the conclusion of direct review or expiration of the time for seeking review, unless a later date applies. 28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (doc. 1), as supplemented and clarified (docs. 4 and 5), be **SUMMARILY DISMISSED WITHOUT PREJUDICE** as it plainly appears Petitioner is not entitled to relief in this court.

**IN CHAMBERS** at Tallahassee, Florida, on January 27, 2010.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:09cv477-MP/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**