IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN P REILLY,

    Petitioner,

v.                                      CASE NO. 4:09-cv-00477-MP-WCS

LARRY CAMPBELL,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Report and Recommendation, Doc. 7, regarding the Petition for Writ of Habeas Corpus, Doc. 1. Petitioner seeks immediate emergency relief and release from incarceration while his direct appeal is pending from a state criminal conviction. The Magistrate Judge has noted that "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. § 2251(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). Petitioner objects to the Magistrate's recommendation that the petition be dismissed. Petitioner requests this Court "meticulously, diligently, patiently, and carefully review the facts and circumstances . . .." Doc. 9, p. 2. This Court will do so, reviewing the objected-to material *de novo*.

Petitioner, currently incarcerated in the Leon County Jail, complains that a state prosecutor impermissibly severed two pending charges against him. Petitioner believes the prosecutor did so to keep Petitioner in jail on the second charge to go to trial even if he were able to secure an acquittal on the first charge. As the Magistrate Judge noted, Mr. Reilly does not allege any special and unique circumstances that would allow a federal court to intercede in an

ongoing state court prosecution. Doc. 7, p. 3 (including footnotes).

Petitioner alleges more specifically in his objections that the conduct tending to show him guilty of a stalking charge was presented to a jury in order to prove criminal use of personal identification information. He claims therefore that jeopardy had already attached for that conduct and he may not be tried separately and punished separately under a different statute for the same conduct. The state court in which he is tried or may soon be tried is bound by its own state's laws concerning double jeopardy, as well as the United States Constitution.

Enforcing those state's laws, however, is not the duty of this Court. This Court, in a habeas corpus petition such as this one, enforces the Constitution and laws of the United States. Further, it does so only after petitioners such as Mr. Reilly exhaust state court remedies, such as the direct appeal Mr. Reilly is currently pursuing, or a Florida §3.850 state habeas corpus proceeding. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845. Mr. Reilly has not yet given the courts of Florida a full and fair chance to examine the abuses he alleges in his petition. He must do so before he may seek relief in the federal courts.

This Court reminds Mr. Reilly, as the Magistrate Judge did, that dismissal without prejudice allows the petitioner to re-file his petition at the proper time- after exhausting state court remedies. Petitioner is again advised that there is a one year limitations period for filing a 28 U.S.C. § 2254 petition. The period generally runs from the date on which the judgment became final on the conclusion of direct review or expiration of the time for seeking review, unless a later date applies. *See* 28 U.S.C. § 2244(d)(1). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. 28 U.S.C. §

2244(d)(2).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 7, is ADOPTED and incorporated herein.

2. The 28 U.S.C. § 2254 petition, Doc. 1, as supplemented and clarified, Docs. 4-5, is SUMMARILY DISMISSED WITHOUT PREJUDICE.

**DONE AND ORDERED** this   *12th*  day of February, 2010

          *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge